Raoul Bustillo, Esq
Koles, Burke & Bustillo, L.L.P.
100  35th Street
Union City, NJ  07087
raoulbustillo@hotmail.com
201-319-0200
Attorneys for Plaintiff Felix Rosario

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| FELIX ROSARIO and MARIA ELENA ROSARIO | : | Civil Action No. |
| | : | |
| Plaintiff(s), | : | |
| | : | Hon. |
| -vs- | : | |
| | : | |
| MANNY CARILLO, RAYMOND LEONARD, WAYNE PUGH, JOSE FERRIERA, J. BURGOS, NEWARK POLICE DEPARTMENT, CITY OF NEWARK, JOHN DOE NOS. 1-10 AND ABC CORP. NOS. 1-10 | : | COMPLAINT AND JURY DEMAND |
| Defendant(s) | : | |

Plaintiffs Felix Rosario and Maria Elena Rosario, by way of this Complaint hereby aver:

## I.  **THE PARTIES**

1.   Plaintiff Felix Rosario (d.o.b. 11/12/85) is an adult individual residing at 635 North 9th Street, Newark, NJ.

2.   Plaintiff Maria Elena Rosario is an adult individual residing at 635 North 9th Street, Newark, NJ.   Plaintiff

Maria Elena Rosario is Felix Rosario's mother. At all relevant times, Maria Elena Rosario owned her home at 635 North 9th Street, Newark, NJ, where she lived with her son, Felix Rosario.

3. Defendant Manny Carillo is an adult individual. At all relevant times, Manny Carillo was and remains a Lieutenant with the Newark Police Department, 31 Green Street, Newark, NJ, and may be served at said address. Defendant Manny Carillo is being sued in his individual and official capacity.

4. Defendant Raymond Leonard is an adult individual. At all relevant times, Raymond Leonard was and remains a police officer, badge no. 9220, with the Newark Police Department, 31 Green Street, Newark, NJ, and may be served at said address. Defendant Raymond Leonard is being sued in his individual and official capacity.

5. Defendant Wayne Pugh is an adult individual. At all relevant times, Wayne Pugh was and remains a police officer, badge no. 9408, with the Newark Police Department, 31 Green Street, Newark, NJ, and may be served at said address. Defendant Wayne Pugh is being sued in his individual and official capacity.

2

6.    Defendant Jose Ferriera is an adult individual.  At all relevant times, Jose Ferriera was and remains a police officer, badge no. 7789, with the Newark Police Department, 31 Green Street, Newark, NJ, and may be served at said address.  Defendant Jose Ferriera is being sued in his individual and official capacity.

7.    Defendant J. Burgos is an adult individual.  At all relevant times, J. Burgos was and remains a police officer, badge no. 9243, with the Newark Police Department, 31 Green Street, Newark, NJ, and may be served at said address. Defendant J. Burgos is being sued in her individual and official capacity.

8.    Defendant City of Newark is a municipal corporation organized under the laws of the State of New Jersey with offices at 920 Broad Street, Newark, NJ and may be served at said address through the city clerk's office.  By duly adopted ordinance, Defendant City of Newark has determined to provide police services to its residents through the Newark Police Department.

9.    Defendant Newark Police Department is a government agency or body with offices at 31 Green Street, Newark, NJ and may be served at said address through its legal

3

department or the Newark Police Department Chief's Office. The Newark Police Department is part of the municipal government of the City of Newark and is responsible for providing police services.

10. Defendants John Doe Nos. 1-10 are fictitious names given to officers or employees of the City of Newark and/or the Newark Police Department, whose actual names are currently unknown, who collaborated with Defendants Carillo, Leonard, Pugh, Ferriera and Burgos as set forth below. They are sued in their individual and official capacities.

11. Defendants ABC Corp. Nos. 1-10 are fictitious names given to government agencies of the City of Newark whose actual names are currently unknown, who collaborated with Defendants Carillo, Leonard, Pugh, Ferriera and Burgos or were deliberately indifferent to the fact that said Defendants were improperly screened, trained, supervised and/or retained.

## II.   JURISDICTION

12.   This suit arises under the United States Constitution and the laws of the United States and is brought pursuant to 42 U.S.C. §1983 et. seq., together with the pendent New Jersey State law claims.

13.   The Court has jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. §1331, as an action arising under the Constitution of the United States, and 28 U.S.C. §1343(a)(3) to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States, and over Plaintiffs' pendent state law claims pursuant to 28 U.S.C. 1367.

14.   The Court has the authority to award costs and attorney's fees pursuant to 42 U.S.C. §1988.

15.   Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §1391, because all parties reside in this district and the events giving rise to Plaintiffs' claims occurred in this district.

16.    This action is brought pursuant to 42 U.S.C. Section 1983 et. seq.; the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 et. seq.; the Constitution of the United States; the New Jersey State Constitution and New Jersey Common law.

17.    Plaintiffs allege that Defendants violated the rights secured to Plaintiffs under the Fourth (unreasonable searches and seizures), Eighth (Cruel and Unusual Punishment) and Fourteenth (Due Process) Amendments of the United States Constitution.

18.    Defendants violated Plaintiffs' rights by using unnecessary and excessive force against Plaintiffs; by entering Plaintiffs' home without a warrant and under circumstances that **do not** give rise to recognized exception to the warrant requirement; and by filing false reports and complaints against Plaintiff Felix Rosario in an effort to cover up Defendants' own misconduct and maliciously prosecute Felix Rosario.

19.    Plaintiffs seek compensatory damages, punitive damages, attorney's fees and costs and such other relief as the Court may deem just and proper to compensate Plaintiffs and/or to punish Defendants for their unlawful conduct.

### III. **FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

20. On September 9, 2006, at about 11:30 p.m., Plaintiff Felix Rosario visited his girlfriend, Jasmine Hernandez, at her home located at 95 Passaic Ave, Belleville, NJ. At all relevant times, Jasmine Hernandez lived at this address with her mother, Esther Lee, and Esther Lee's boyfriend, Defendant Manny Carillo. Defendant Manny Carillo is a Lieutenant with the Newark Police Department.

21. Jasmine Hernandez met Plaintiff Felix Rosario outside the house, while Jasmine's mother and Defendant Manny Carillo slept inside the house.

22. Shortly after Plaintiff Felix Rosario arrived at Jasmine's house, an argument ensued between Jasmine and Felix. Jasmine accused Felix of being unfaithful, which infuriated Felix. The argument became heated, and Felix took his anger out on Jasmine's mother's car, which was parked right outside the house. Felix kicked the rear quarter panel, causing a dent, and hit the rear windshield with a small metal pipe, which caused the windshield to crack. Then Felix drove away to his home at 635 North 9th Street, Newark, NJ.

23.  Jasmine was not hurt.  In fact, Felix did not so much as touch her during the entire argument.

24.  After Plaintiff Felix Rosario left Jasmine's house, Jasmine went inside and woke her mother, Esther Lee, to tell her what had happened.  Esther Lee got Defendant Manny Carillo out of bed and informed him of the damage to the car.

25.  Defendant Manny Carillo went into a rage.  Esther Lee called Felix's mother on the phone to tell her that Felix had damaged Esther Lee's car.  Felix's mother, Plaintiff Maria Elena Rosario, could hear Defendant Manny Carillo cursing in the background and promising that he would "beat the shit out of Felix" and lock him up in the sleaziest cell in Newark.

26.  Defendant Manny Carillo called the Belleville police, which immediately sent officers to Esther Lee's home to investigate.

27.  The Belleville officers arrived shortly after midnight on September 10.  Defendant Manny Carillo informed the

Belleville police that Felix had threatened to burn the house down, which was false.   Defendant Manny Carillo contrived the threat in order to get a quicker response from the Belleville police.

28.  After taking a report from Defendant Manny Carillo, the Belleville officers left the home and told Jasmine that she should drop by the Belleville police station if she wanted to sign a DV Complaint against Felix.

29. Not satisfied with this result, Defendant Manny Carillo, who was on disability and off-duty from the Newark Police Department at the time, took matters into his own hands.

30.  Defendant Manny Carillo got into his car and drove from Belleville to Plaintiffs' house, located at 635 North 9th Street in Newark.   Along the way, Lt. Manny Carillo called the Newark Police Department and enlisted the assistance of Defendant Raymond Leonard, badge no. 9220, Defendant Wayne Pugh, badge no. 9408, Defendant Jose Ferreira, badge no. 7789, and Defendant J. Burgos, badge no. 9243.

31. Fearing for Felix Rosario's safety, Jasmine and her mother, Esther Lee, got into Esther's car and drove to Felix's house in Newark. Jasmine and her mother arrived at Felix's house at around 1:00 a.m., just as Defendant Manny Carillo arrived, followed by the above-named Newark police officers.

32. Esther Lee told Jasmine to wait in the car while Esther Lee tried to calm Defendant Manny Carillo. Defendant Manny Carillo and his rogue crew did not relent.

33. Plaintiff Maria Elena Rosario, Felix's mother, heard Defendant Manny Carillo and his crew of vigilante police officers outside the house. Defendants did not knock. Defendants simply started to kick the door violently, threatening to break it down.

34. Plaintiff Maria Elena Rosario opened the door because she did not want the police to break it. Defendant Wayne Pugh and Defendant Jose Ferreira pushed their way in and shoved Plaintiff Maria Elena Rosario to the floor, injuring her. Defendants Raymond Leonard and J. Burgos rushed through the front door moments later.

35. Plaintiff Maria Elena Rosario saw Defendant Manny Carillo standing on the front steps of her home. Defendant Manny Carillo was yelling at the officers who had entered the house, directing them to put a good beating on Felix.

36. Defendants entered the Rosario home without any lawful authority. They did not have a search warrant, they did not have an arrest warrant and they did not obtain consent.

37. After the police unlawfully entered the Rosario home, Plaintiff Maria Elena Rosario tried to telephone for help, but one Defendant police officer ripped the phone out of her hand and shoved her to the floor again.

38. The Defendant police officers cuffed Plaintiff Felix Rosario within seconds of entering the house. Felix did not resist. He did not struggle. One officer sprayed mace in Felix's eyes as another was cuffing him. Defendant police officers pushed Felix forcefully against a living room wall and then dragged him along the wall to his bedroom. They pushed Felix Rosario into a glass window, causing it to break and injuring Felix. Once inside Felix bedroom, the police pushed him onto his bed and punched him about his head and body. Felix sustained numerous cuts

11

and bruises, including a laceration to the top of his head that required staples to close.

39. After Defendant Manny Carillo and Defendants Leonard, Pugh, Ferriera and Burgos finished teaching Plaintiff Felix Rosario a lesson, they transported him to University Hospital in Newark to treat his injuries.

40. Because Defendant Manny Carillo and Defendants Leonard, Pugh, Ferriera and Burgos had dragged Plaintiff Felix Rosario out of his home in the middle of the night, Plaintiff Felix Rosario did not get a chance to dress himself. As a result, Plaintiff Felix Rosario was forced to suffer the indignity of being handcuffed in the hospital with no shirt, no shoes, and no socks, dressed only in a pair of boxer shorts.

41. While Plaintiff Felix Rosario was waiting to see a doctor at University Hospital, he was guarded by one of the Defendant police officers. At one point, the officer asked Felix why Felix was staring at him. When Felix did not respond, the officer told Felix not to bother trying to remember the officer's face, because charges against the

officer would never stick.  Then the officer punched Felix in the face while Felix was still handcuffed.

42.   Afterwards, a University Hospital doctor examined Felix and administered several sutures to close a wound on the top of Felix's head.  Felix had sustained the wound while the officers beat on him inside his house.

43.  Felix was released from the hospital emergency room at about 6:15 a.m. on the morning of Sunday, September 10, 2006.  The police then transported Felix directly to the Newark Police Station.  To add further insult to injury, Defendants Raymond Leonard, Jose Ferriera and Wayne Pugh filed baseless assault charges against Felix Rosario. Defendant Raymond Leonard also file a baseless resisting arrest charge against Felix Rosario.  As a result of these baseless charges, Felix Rosario spent 5 days in jail before bail was set on Thursday, September 14, 2006.  Defendants have not offered any explanation as to why it took 5 days to bring Felix before a judge or magistrate to have his bail set.

44. As a result of the baseless charges filed by Defendants, Plaintiff Felix Rosario was forced to defend himself in criminal proceedings.

45. The Newark Police Department and the City of Newark had a policy, practice or custom of failing to adequately screen, train, supervise and discipline police personnel. Said policies, practices or customs directly resulted in the harms suffered by Plaintiffs.

46. The Newark Police Department and the City of Newark were deliberately indifferent to the fact that Defendants Carillo, Leonard, Ferriera, Pugh, and Burgos had histories of not complying with proper police procedure and of violating the law. Said deliberate indifference directly resulted in the harms suffered by Plaintiffs.

### COUNT ONE

**Violations Of Felix Rosario's Federal Constitutional Rights By Defendants Carillo, Leonard, Pugh, Ferriera, Burgos And John Doe Nos. 1-10.**

47. Plaintiff Felix Rosario has rights protected by the United States Constitution against the use of excessive force; unreasonable entry and search of his home; unreasonable seizures of his person; unreasonable,

arbitrary and unnecessarily prolonged imprisonment; and
malicious and arbitrary prosecution.

48. Said rights are afforded to Plaintiff Felix Rosario by
the Fourth, Eighth and Fourteenth Amendments of the United
States Constitution. Specifically, the Fourth Amendment
prohibits police officers and other government agents
acting under color of state authority to use unnecessary
force in effectuating an arrest, to enter a home without a
warrant, to make arrests without probable cause and to file
false charges. The Fourth, Eighth and Fourteenth
Amendments protect against cruel and unusual punishment,
including unnecessary force and unreasonably prolonged
detentions. The Fourteenth Amendment guarantees due
process, including the right to a speedy and equitable bail
and affords protection against malicious and arbitrary
prosecution.

49. Defendant Manny Carillo is a Lieutenant with the
Newark Police Department. Defendant Carillo used his
official position within the Newark Police Department to
lead at least four other uniformed Newark police officers--
namely Officers Raymond Leonard, Wayne Pugh, Jose Ferriera
and J. Burgos--in warrantless invasion of Plaintiff Felix

Rosario's home.   The manner in which these Defendants
entered Plaintiff's home amounts to a trespass.

50.   These Defendants unlawfully arrested Plaintiff Felix
Rosario in that they effectuated the arrest inside Felix
Rosario's home without a warrant.

51.   These Defendants used unnecessary force to seize and
arrest Felix Rosario both in his home and at the hospital
after he was handcuffed.   The manner in which these
Defendants used force was unjustified and amounts to an
assault.

52.   Defendants filed false assault charges and resisting
arrest charges against Felix Rosario to cover up their own
misconduct.

53.   Defendants wrongfully arrested Felix Rosario based on
the false charges and caused Felix Rosario to remain in
jail for 5 days before being brought before a judge to have
bail set.

54.   As a result of the aforementioned false charges, Mr.
Rosario was forced to defend himself in criminal
proceedings.

55.  As a direct and proximate result of Defendants'
wrongful conduct, Plaintiff Felix Rosario suffered an
invasion of privacy, physical harm, deprivation of liberty,
humiliation, mental anguish and distress.

WHEREFORE, plaintiffs demand judgment against all
against Defendants, jointly and severally, as follows:

A.    Compensatory damages;

B.    Punitive damages;

C.    Atorney's fees;

D.    Costs, fees and all other appropriate relief.

### COUNT TWO

**Violations Of Maria Elena Rosario's Federal
Constitutional Rights By Defendants Carillo,
Leonard, Pugh, Ferriera, Burgos And John Doe
Nos. 1-10.**

56.  Plaintiff Maria Elena Rosario has rights protected by
the United States Constitution against the use of excessive
force and the unreasonable entry and search of her home.

57.  Said rights are afforded to Plaintiff Maria Elena
Rosario by the Fourth, Eighth and Fourteenth Amendments of
the United States Constitution.  Specifically, the Fourth
Amendment prohibits police officers and other government

agents acting under color of state authority to use unnecessary force against civilians to enter a home without a warrant.  The Eighth Amendment protects against cruel and unusual punishment, including unnecessary force.  The Fourteenth Amendment guarantees due process.

58.  Defendant Manny Carillo is a Lieutenant with the Newark Police Department.  Defendant Carillo used his official position within the Newark Police Department to lead at least four other uniformed Newark police officers-- namely Officers Raymond Leonard, Wayne Pugh, Jose Ferriera and J. Burgos--in warrantless invasion of Plaintiff Maria Elena Rosario's home.  The manner in which these Defendants entered Plaintiff's home amounts to a trespass.

59.  These Defendants used unnecessary and unlawful force against Maria Elena Rosario in order to unlawfully enter her home.  The manner in which these Defendants used force was unjustified and amounts to an assault.

60.  As a direct and proximate result of Defendants' wrongful conduct, Plaintiff Maria Elena Rosario suffered an invasion of privacy, physical harm, humiliation, mental anguish and distress.

WHEREFORE, plaintiffs demand judgment against all against Defendants, jointly and severally, as follows:

E.     Compensatory damages;

F.     Punitive damages;

G.     Atorney's fees;

H.     Costs, fees and all other appropriate relief.


### COUNT THREE

**Violations Of Plaintiffs' Federal Constitutional Rights By Defendants Newark Police Department, City Of Newark And ABC Corp Nos. 1-10.**

61.  Plaintiff incorporates each and every allegation set forth in this Complaint as if fully set forth herein.

62.  The Newark Police Department and the City of Newark have a policy, practice or custom of failing to adequately screen, train, supervise and discipline police personnel.

63.  The Newark Police Department and the City of Newark were deliberately indifferent to the fact that Defendants Carillo, Leonard, Ferriera, Pugh, and Burgos had histories of not complying with proper police procudure and of violating the law.

64.  As a result of said policy, practice, custom and/or deliberate indifference, Plaintiffs were deprived of their Federal Constitutional Rights and were harmed.

WHEREFORE, plaintiffs demand judgment against all against Defendants, jointly and severally, as follows:

I.    Compensatory damages;

J.    Punitive damages;

K.    Atorney's fees;

L.    Costs, fees and all other appropriate relief.


## COUNT FOUR

### Violations Of Plaintiffs' New Jersey Constitutional Rights By All Defendants.

65.  Plaintiffs incorporate each and every allegation set forth in this Complaint as if fully set forth herein.

66.  Defendants' intentional actions, customs, practices, procedures and/or deliberate indifference deprived Plaintiffs of their rights and privileges afforded to them under Article I, paragraphs 1, 5, 7, 21 and 22, of the New Jersey Constitution.

67.  Defendants' actions have deprived Plaintiffs of their rights to be secure in their homes, to be free from unreasonable seizures and detention, to be free from the unjustified use of force and to procedural and substantive due process under Article I of the New Jersey Constitution.

68.  As a direct and proximate result of Defendants' actions, Plaintiffs were harmed.  Said harm includes, but is not limited to, invasion of privacy, physical pain and suffering, deprivation of freedom, humiliation, mental anguish and emotional distress and harm, and other damages.

WHEREFORE, plaintiffs demand judgment in his favor against Defendants as follows:

M. Compensatory damages.

N. For punitive damages.

O. For attorneys fees;

P. For costs, fees and all other appropriate relief including a Civil Penalty under the New Jersey Civil Right Act Section 10:6-2.

## COUNT FIVE

### False Arrest And Imprisonment Of Felix Rosario As To All Defendants Under State Law

69.   Plaintiff incorporates each and every allegation set forth in this Complaint as if fully set forth herein.

70.   Either through their intentional conduct, policies, practices, procedures and/or deliberate indifference, Defendants are liable to Plaintiff Felix Rosario for the tort of false arrest and false imprisonment by arresting Felix Rosario in his home without a warrant, by imprisoning him based on false charges and by failing to bring Plaintiff before a magistrate in a timely fashion for the setting of bail.

71. As a direct and proximate result of Defendants' actions, Felix Rosario suffered physical harm, deprivation of liberty, humiliation, mental anguish and distress.

   WHEREFORE, plaintiffs demand judgment against all against Defendants, jointly and severally, as follows:

   Q. Compensatory damages;

   R. Punitive damages;

   S. Attorneys' fees;

   T. Costs, fees and all other appropriate relief.

## COUNT SIX

**Malicious Prosecution Of Felix Rosario Under State Law As To Defendants Carillo, Leonard, Ferriera, Pugh, Newark Police Department and City of Newark**

72.  Plaintiff incorporates the allegations of all paragraphs in this Complaint as if fully set forth herein.

73.  Defendants Leonard, Ferriera and Pugh committed the tort of malicious prosecution by signing a criminal complaint against Felix Rosario falsely accusing him of assault and resisting arrest.  Upon information and belief, Defendant Carillo committed the tort of malicious prosecution by directing or authorizing said officers to file these false charges against Felix Rosario.

74.  The Newark Police Department and the City of Newark had a policy, practice or custom of failing to adequately screen, train, supervise and discipline police personnel. Said policies, practices or customs directly resulted in the harms suffered by Plaintiffs.

75.  The Newark Police Department and the City of Newark were deliberately indifferent to the fact that Defendants Carillo, Leonard, Ferriera, Pugh, and Burgos had histories of not complying with proper police procedure and of

23

violating the law. Said deliberate indifference directly resulted in the harms suffered by Plaintiffs.

76. As a result, Felix Rosario was incarcerated for five days without bail and was forced to face judicial proceedings against him.

77. The criminal proceedings initiated by Defendants shall end favorably for Felix Rosario in that the State has been unable to move the case forward for lack of cooperation from the complaining officers and dismissals of the charges are imminent.

78. Defendants filed the charges against Felix Rosario without probable cause or legal justification.

79. Defendants filed the charges against Felix Rosario with malice, to cover up Defendants' own tortious and unconstitutional conduct.

80. As a direct and proximate result of Defendants' actions, Felix Rosario suffered physical harm, deprivation of liberty, humiliation, mental anguish and distress.

WHEREFORE, plaintiffs demand judgment against all against Defendants, jointly and severally, as follows:

U. Compensatory damages;

V. Punitive damages;

W. Attorneys' fees;

X. Costs, fees and all other appropriate relief.


### COUNT SEVEN

#### Assault and Battery Of Felix Rosario Under
#### State Law As To All Defendants


81.   Plaintiffs repeat each and every allegation in this Complaint as if set forth fully herein.

82.   Defendants Carillo, Leonard, Ferriera, Pugh and Burgos committed the torts of assault and battery upon Felix Rosario.

83.   The Newark Police Department and the City of Newark had a policy, practice or custom of failing to adequately screen, train, supervise and discipline police personnel. Said policies, practices or customs directly resulted in the harms suffered by Plaintiffs.

84.   The Newark Police Department and the City of Newark were deliberately indifferent to the fact that Defendants Carillo, Leonard, Ferriera, Pugh, and Burgos had histories of not complying with proper police procedure and of

25

violating the law.   Said deliberate indifference directly resulted in the harms suffered by Plaintiffs.

85.   As a direct and proximate result of Defendants' conduct, Felix Rosario suffered physical harm, deprivation of liberty, humiliation, mental anguish and distress.

WHEREFORE, plaintiffs demand judgment against all against Defendants, jointly and severally, as follows:

Y.      Compensatory damages;

Z.      Punitive damages;

AA.     Attorneys' fees;

BB.     Costs, fees and all other appropriate relief.

## COUNT EIGHT

### Tortious Invasion Of Privacy As To All Defendants

86.   Plaintiffs incorporate each and every allegation set forth in this Complaint as if fully set forth herein.

87.   Plaintiffs Maria Elena Rosario and Felix Rosario have state common law rights to privacy within their home.

88.   Defendants Carillo, Leonard, Ferriera, Pugh and Burgos intentionally entered Plaintiffs' home without legal authority, which conduct constitutes a trespass upon Plaintiffs' property, solitude and private affairs.

89.   The Newark Police Department and the City of Newark had a policy, practice or custom of failing to adequately screen, train, supervise and discipline police personnel. Said policies, practices or customs directly resulted in the harms suffered by Plaintiffs.

90.   The Newark Police Department and the City of Newark were deliberately indifferent to the fact that Defendants Carillo, Leonard, Ferriera, Pugh, and Burgos had histories of not complying with proper police procedure and of violating the law.   Said deliberate indifference directly resulted in the harms suffered by Plaintiffs.

91.   As a direct and proximate result of Defendants' conduct, Maria Elena Rosario and Felix Rosario suffered physical harm, deprivation of liberty, humiliation, mental anguish and distress.

WHEREFORE, plaintiffs demands judgment against all Defendants, jointly and severally, as follows:

CC.    Compensatory damages;

DD.    punitive damages;

EE.    Attorneys fees;

FF.    Costs, fees and all other appropriate relief.

## COUNT NINE

### Intentional Infliction of Emotional Distress

92.  Plaintiffs incorporate each and every allegation set forth in this Complaint as if fully set forth herein.

93.  The conduct of Defendants Carillo, Leonard, Ferriera, Pugh and Burgos--in entering Plaintiffs' home without a warrant, assaulting Plaintiffs, punching Felix Rosario in the face while handcuffed and awaiting treatment in the hospital, and imprisoning Felix Rosario without prompt bail—were malicious, and so outrageous as to shock the conscience.

94.  The Newark Police Department and the City of Newark had a policy, practice or custom of failing to adequately screen, train, supervise and discipline police personnel. Said policies, practices or customs directly resulted in the harms suffered by Plaintiffs.

95. The Newark Police Department and the City of Newark were deliberately indifferent to the fact that Defendants Carillo, Leonard, Ferriera, Pugh, and Burgos had histories of not complying with proper police procedure and of violating the law. Said deliberate indifference directly resulted in the harms suffered by Plaintiffs.

96. As a direct and proximate result of Defendants' conduct, Maria Elena Rosario and Felix Rosario suffered physical harm, deprivation of liberty, humiliation, mental anguish and emotional distress.

WHEREFORE, plaintiffs demands judgment against all Defendants, jointly and severally, as follows:

GG.     Compensatory damages;

HH.     punitive damages;

II.     Attorneys fees;

JJ.     Costs, fees and all other appropriate relief.

### COUNT TEN

Conspiracy

97. Plaintiffs repeat each and every allegation set forth in this Complaint as if set forth fully herein.

98. Defendants Carillo, Ferriera, Leonard, Pugh, Burgos, John Doe Nos. 1-10 and the Newark Police Department conspired to violate Plaintiffs' civil rights as set forth above. These Defendants also conspired to assault, falsely arrest, falsely imprison, fail to set a prompt bail and humiliate Plaintiffs.

99. The Newark Police Department and the City of Newark had a policy, practice or custom of failing to adequately screen, train, supervise and discipline police personnel. Said policies, practices or customs directly resulted in the harms suffered by Plaintiffs.

100. The Newark Police Department and the City of Newark were deliberately indifferent to the fact that Defendants Carillo, Leonard, Ferriera, Pugh, and Burgos had histories of not complying with proper police procedure and of violating the law. Said deliberate indifference directly resulted in the harms suffered by Plaintiffs.

101. As a direct and proximate result of Defendants' conduct, Maria Elena Rosario and Felix Rosario suffered physical harm, deprivation of liberty, humiliation, mental anguish and emotional distress.

WHEREFORE, plaintiffs demands judgment against all Defendants, jointly and severally, as follows:

KK.     Compensatory damages;

LL.     punitive damages;

MM.     Attorneys fees;

NN.     Costs, fees and all other appropriate relief.

### DEMAND FOR JURY TRIAL

Trial by jury is demanded on all issues so triable.

### DESIGNATION OF TRIAL COUNSEL

Per the Rules of Court, Plaintiffs designate Raoul Bustillo, Esq., as trial counsel for this matter.

Dated: September 8, 2008

                                   Koles, Burke & Bustillo, LLP
                                   100 35th Street
                                   Union City, NJ  07087



                                   _____
                                   BY: Raoul Bustillo, Esq.

**CERTIFICATION**

I am not aware of any other case arising out of the facts stated herein, nor any other matter which may be brought as a result of the facts stated herein, nor any other party that should be joined.

Dated: September 8, 2008

BY: Raoul Bustillo, Esq.